UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60858-CIV-COHN/WHITE

ALEX MONCAYO,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT AGENCY,

Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Petitioner's Motion for Reconsideration

Due to Change in Circumstances [DE 18] ("Motion").  The Motion seeks reconsideration

of this Court's Order Adopting Report and Recommendation [DE 17], which dismissed

Mr. Moncayo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [DE 1]

("Petition").  The Court has considered the Motion, the record in this case and is

otherwise advised in the premises.

## I.  BACKGROUND

Mr. Moncayo pled guilty to nine counts of mail fraud pursuant to 18 U.S.C. §

1341.  On November 15, 2005, he was sentenced to a term of 63 months

imprisonment, an assessment of $900, restitution in the amount of $3,279,155.90, and

three years of supervised release with special conditions.  The special conditions

include, among others, the following:

> 1.  At the completion of the defendant's term of imprisonment, he shall be
> surrendered to the custody of the Immigration and Customs Enforcement

Agency ("ICE") for removal proceedings consistent with the Immigration and Nationality Act.

2.  If removed, the defendant shall not reenter the United States without the written permission of the Undersecretary for Border and Transportation Security.

(See US v. Moncayo, Case No. 05-cr-60029-Cohn).  On September 17, Mr. Moncayo's Motion to Reduce Sentence Under Rule 35 was granted and his term of imprisonment was reduced to 42 months.  The sentence includes all of the aforementioned terms, as well as the special conditions.

On June 5, 2008, Mr. Moncayo filed the Petition, which seeks release from an Immigration detainer entered by ICE.  In the Petition and the Motion, Mr. Moncayo argues that the detainer should be removed because Mr. Moncayo (1) has family ties, including a mother, wife of 16 years and children (ages 15, 13, and 8), all of whom are United States citizens and reside in the United States; (2) has lived most of his life in the United States since he came to the Country at the age of 8; (3) served in the United States Navy; (4) had a "limited role" as a telemarketing agent at the company charged with fraud; and (5) received a 21-month reduction in his sentence based on the substantial assistance he provided to the United States Government.  (See Petition at 3; Motion at 2-3).[1]  In addition, Mr. Moncayo asserts that he was not convicted of an

---

[1]      The Motion attaches an email from Richard Goldberg, an attorney with the United States Department of Justice, stating that "if asked by INS about Mr. Moncayo's cooperation, I will truthfully outline cooperation he has provided (as of the date of the query) to the INS.  However, the decision as to Mr. Moncayo's deportation with be the decision of other agencies, and not this Office. (Email, dated August 9, 2005, attached to the Motion).  The Motion also attaches 4 Certificates of Completion for a film appreciation course, "Etiquette Class," "Mock Job Fair," and "Goal Setting," which Mr. Moncayo earned while incarcerated.

2

offense the subjects him to removal proceedings.

United States Magistrate Judge Patrick A. White recommended that the Petition be denied because the Court "is without jurisdiction to review the Department of Homeland Security's Decision to Commence Removal Proceedings." (Report and Recommendation at 4).  Further, Judge White found that "mail fraud is an aggravated felony pursuant to 8 U.S.C. 1101(a)(43)(M) because it is an offense that involves fraud or deceit in which the loss to the victim exceeds $10,000." (Id. at 5).  Accordingly, Judge White found that Mr. Moncayo is subject to removal proceedings pursuant to 8 U.S.C. § 1228.  Mr. Moncayo did not object to the Report and Recommendation, which this Court adopted on November 26, 2008, resulting in the dismissal of the Petition.  Mr. Moncayo filed the instant Motion seeking reconsideration of the Court's November 26 Order.

## II. Analysis

"'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" Z.K. Marine Inc. v. M/V Archigetis, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)).  "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made[.]" Id.  "In order to reconsider a judgment there must be a reason why the court should reconsider its prior decision, and the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Association For Disabled Americans, Inc. v. Amoco Oil Co., 211 F.R.D. 457, 477 (S.D. Fla. 2002).

3

The detainer at issue in the Petition serves as notification to the Bureau of Prisons to arrange for the transfer of Mr. Moncayo into the custody of ICE upon completion of his criminal sentence.  When Mr. Moncayo is transferred into ICE custody, he will be issued a Notice to Appear (the charging document used in removal proceedings) informing him of the civil immigration charges against him.  8 CFR § 239.1.  An immigration judge will conduct a removal proceeding to determine at that time whether Mr. Moncayo will be found "deportable" under the Immigration and Naturalization Act and whether he may be removed to his native country or to an alternative country.  8 CFR § 240.1; Section 241(b), 8 U.S.C. § 1231(b).

Although Mr. Moncayo makes a compelling case as to why he should not be deported from this Country, the ultimate decision will rest with an immigration judge.  The Immigration and Naturalization Act explicitly states that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings."  8 U.S.C. § 1252(g).  Accordingly, this Court lacks jurisdiction over Mr. Moncayo's request raised in the Petition that he be released from the detainer.  If Mr. Moncayo is deemed deportable by the immigration court, he may seek review of the immigration court's decision by the Eleventh Circuit Court of Appeals pursuant to 8 U.S.C. § 1252(b)(2).  Any "petition for review must be filed not later than 30 days after the date of the final order of removal."  8 U.S.C. § 1252(b)(1).

In addition, this Court finds no reason to reconsider the holding that Mr. Moncayo is subject to removal proceedings because he pled guilty to an aggravated felony pursuant to 8 U.S.C. 1101(a)(43)(M) as his offense involved fraud or deceit in which the

loss to the victim exceeded $10,000.

## III. CONCLUSION

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Petitioner Alex Moncayo's Motion for

Reconsideration [DE 18] is **DENIED**.  It is further

**ORDERED AND ADJUDGED** that Petitioner Alex Moncayo's Informative Motion

[DE 19], which explains why Mr. Moncayo did not timely object to the Report and

Recommendation, is **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 6th day of March, 2009.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Alex Moncayo, *pro se*
Reg. No. 57133-004
Miami FDC
Inmate Mail/Parcels
P.O. Box 019120
Miami, FL 33101-9120